UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAPHAEL MILES, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> SUPERINTENDENT, Putnamville ) <br> Correctional Facility, ) <br> ) <br> Respondent. ) | No. 2:15-cv-208-WTL-DKL |

**Entry Discussing Petition for Writ of Habeas Corpus**

Raphael Miles, a state prisoner, challenges the validity of his convictions for drug offenses and a determination that he is an habitual offender. For the reasons explained in this Entry, Miles' petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not be issued.

**I.**

The habeas petition has been examined pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts. See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(Rule 4 provides that upon preliminary consideration, the court may summarily dismiss a 28 U.S.C. § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief.").

Miles was convicted of various drug offenses in Vanderburgh County. He then admitted to being a habitual offender. He is serving an aggregate sentence of 35 years. *See Miles v. State,* 764 N.E.2d 237 (Ind.Ct.App. 2002), *trans. denied.*

Miles now seeks federal habeas relief. He does so based on the following specific ground:

> The commercial instruments in [his prosecution by the State of Indiana] have been taxed back to the source, so no surety can now be maintained on the instrument withheld. The petitioner has successfully closed on the Treasury Direct account #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; which entitles the petitioner [to] immediate release of confinement from the Indiana Department of Corrections and all other relief deemed appropriate by this court.

Miles refers to his custody having been caused by a "commercial debt" and seeks "release of property/corpus (body)."

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).

Miles' use of obtuse and inapt language in his petition does not disguise the fact that he is in the custody of the State of Indiana as the result of having been convicted in the Vanderburgh Circuit Court—not the result of civil commercial transactions. *Cf. Beylik v. Estep,* 377 Fed.Appx. 808, 812 (10th Cir. 2010) ("Contrary to the allegations in Beylik's numerous pleadings, he is not in confinement as a result of any 'contract' he may have signed with the [Colorado Department of Corrections] . . . ; rather, he is serving a sentence of imprisonment duly imposed by a Colorado state court."). His sentence is the result of a court's legitimate exercise of its power to impose punishment for proscribed criminal conduct. *See Ex parte United States,* 242 U.S. 27, 41 (1916) ("Indisputably under our constitutional system the right to try offences against the criminal laws, and, upon conviction, to impose the punishment provided by law, is judicial . . . .").

Miles' use of commercial law concepts to attack his conviction in an Indiana state court simply has no foundation in our laws and does not plausibly or remotely present a claim within the scope of 28 U.S.C. § 2254(a).

Based on the foregoing, the court finds that Miles' petition for writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. His petition will therefore be summarily dismissed.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Miles has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability

IT IS SO ORDERED.

*William T Lawrence*

Date: 7/14/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RAPHAEL MILES
112117
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135